Filed 1/19/22  P. v. Lewis CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARONTA TYRONE LEWIS,<br><br>    Defendant and Appellant. | A162555<br><br>(Contra Costa County<br>Super. Ct. Nos. 23250685,<br>52014249, 23336583) |

Defendant Daronta Lewis was serving a nine-year sentence, including three one-year prior prison term enhancements under Penal Code section 667.5, subdivision (b),[1] when he pleaded no contest to new charges and was sentenced to a new 11-year term, again including the prior prison term enhancements.  However, in the interim, Senate Bill No. 136 limited those prior prison term enhancements to "sexually violent" offenses not at issue here, and Lewis argues that he is entitled to the retroactive benefit of that legislation.  We agree, and accordingly we will strike the enhancements.

**BACKGROUND**

In August 2018, in Solano County Superior Court Case No. FCR330522, Lewis pleaded no contest to one count of robbery (Pen. Code,

_____

[1] Further undesignated statutory references are to the Penal Code.

1

§ 211) with an enhancement for use of a weapon (§ 12022, subd. (b)(1)) and three one-year enhancements for prior prison terms (§ 667.5, subd. (b)). (See *People v. Lewis* (Oct. 5, 2021, A162630) [nonpub. opn.], [pp. 1–2].)[2] In September, the trial court sentenced Lewis to a total term of nine years, comprised of the upper term of five years for the robbery conviction and four consecutive one-year terms for each of the four enhancements. (*Ibid.*)

On October 8, 2019, the Governor signed Senate Bill No. 136, which became effective January 1, 2020. It amended section 667.5, subdivision (b) to provide that the one-year prior prison term enhancement shall be imposed only for certain "sexually violent" offenses. (See § 667.5, subd. (b); Stats. 2019, ch. 590, § 1.)

In 2017 and 2020, Lewis was charged in six cases in Contra Costa County with numerous counts, including multiple counts of felony vandalism (Case Nos. 02-325068-5, 05-200866-2, 05-201035-3, 02-333464-6, 05-201424-9, 02-333658-3).[3]

On April 2, 2021, Lewis pleaded no contest to one count of felony grand theft from a person (§ 487, subd. (c)) in Case No. 2-325068-5 and two counts of felony vandalism (§ 594, subd. (a)) in Case No. 2-333658-3 in exchange for a sentence of two years in state prison, to run consecutive to his sentence in Solano County Case No. FCR330552.

On April 2, the trial court sentenced Lewis to a term of 11 years in state prison. The trial court first resentenced Lewis to nine years in Case No. FCR330552—again the upper term of five years for second degree

---

[2] We granted Lewis's unopposed motion for judicial notice of the October 5, 2021 opinion in his direct appeal and the September 14, 2017 information in Solano County Case No. FCR330552.

[3] We omit discussion of the facts of the underlying offenses as they are not relevant to the single issue on appeal.

robbery, one year for the weapons enhancement, and three one-year terms for three prison prior enhancements. The trial court then sentenced Lewis to the agreed-upon two-year sentence in the new cases—one eight-month term for the grand theft count and two eight-month terms for each of the vandalism counts, to run consecutively.

Lewis appealed.

While that appeal was pending, on October 8, 2021, the Governor signed Senate Bill No. 483, effective January 1, 2022, which added section 1171.1, subdivision (a):

"(a) Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (Stats. 2021, ch. 728, § 3.)

Section 1171.1 further provides that once the sentencing court identifies defendants serving a term including a one-year prior prison term enhancement, the court "shall recall the sentence and resentence the defendant," (§ 1171.1, subd. (c)), and that such resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1171.1, subd. (d)(1).) And the legislation provides: "It is the intent of the Legislature that any changes to the sentence as a result of [Senate Bill No. 483] shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, § 1.)

3

## DISCUSSION

Lewis argues that he is entitled to the retroactive benefit of Senate Bill No. 136, and that the three one-year prior prison term enhancements must be stricken because they are not based on "sexually violent" offenses. The Attorney General agrees, as do we. (See *People v. Matthews* (2020) 47 Cal.App.5th 857, 864–865 [Senate Bill No. 136 applies retroactively to non-final judgments].)

However, the parties differ slightly on the appropriate remedy. Lewis asks that we simply modify the judgment to strike the enhancements, arguing that resentencing is unnecessary because there are no discretionary decisions for the trial court to make at resentencing. The Attorney General agrees that we should strike the enhancements, but also asks that we remand for resentencing.

We conclude that resentencing is unnecessary under the circumstances here. Lewis was sentenced under a plea agreement, Senate Bill No. 483 expresses the Legislature's intent that any changes to a sentence resulting from Senate Bill No. 136 "shall not be a basis for a prosecutor or court to rescind a plea agreement" (Stats. 2021, ch. 728, § 1), and the Attorney General acknowledges that that measure "implicitly prohibits recission of a plea agreement" under circumstances such as these. Nor does the Attorney General offer any argument why resentencing is appropriate or identify any discretionary decisions to be made by the trial court at resentencing. Accordingly, we will simply strike the one-year prior prison term enhancements.

## DISPOSITION

The three one-year prison prior enhancements are stricken. The case is remanded for preparation of an amended abstract of judgment.

4

_____
Richman, Acting P.J.

We concur:


_____
Stewart, J.


_____
Miller, J.


*People v. Lewis* (A162555)

5